# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1861V
UNPUBLISHED

| | |
|---|---|
| CHARLES BAKEMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 19, 2020<br><br>Special Processing Unit (SPU);<br>Decision on Motion to Dismiss;<br>Uncovered Vaccine; H1N1 Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Stephen I. Leshner*, Phoenix, AZ, for Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On December 4, 2018, Charles Bakeman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he "received a Novartiz [sic] influenza vaccine on February 2, 2010," and thereafter suffered Guillain-Barré syndrome ("GBS"). Petition at 1. This case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 30, 2019, Respondent filed a motion to dismiss the petition pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 20). For the reasons set forth below, Respondent's motion is **GRANTED**, and this claim is hereby **DISMISSED**.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I. **Procedural History**

Mr. Bakeman filed his petition on December 4, 2018. (ECF No. 1). Over the next month, he filed medical records and a Statement of Completion. *See* Exhibits 1-19 (ECF Nos. 4-10); Statement of Completion, filed Jan. 4, 2019 (ECF No. 11).

After reviewing the records in this case, Respondent filed a status report stating that "petitioner appears to have received only the H1N1 vaccination on February 2, 2010, which is not covered under the Program." (ECF No. 17). Respondent stated that he planned to file a motion to dismiss in 60 days. *Id*. This request was granted, and Petitioner was permitted time to file a response to the motion. (ECF No. 18).

On December 30, 2019, Respondent filed the promised Motion to Dismiss ("Mot. to Dismiss"). (ECF No. 20). Respondent argued that the vaccine at issue in this case is the H1N1 monovalent influenza vaccine, which is not included in the Vaccine Injury Table in the Vaccine Act, and therefore the claim must be dismissed. *Id*. at 2. Petitioner filed a response arguing that because of the lack of sufficient notice provided in the Vaccine Injury Table, I should exercise my "lawful discretion in equity and deny Respondent's Motion to Dismiss." Petitioner's Response to Motion to Dismiss ("Pet. Resp.") at 1-2. (ECF No. 21).

II. **Analysis**

A petitioner must demonstrate that he "received a vaccine set forth in the Vaccine Injury Table." Section 11(c)(1)(a). There is no question that the H1N1 monovalent vaccine is not covered under the Vaccine Act. *See* C.F.R. § 100.3; *Fitzgerald v. Sec'y of Health & Human Servs.*, No. 12-493V, 2012 WL 6861329 (Fed. Cl. Spec. Mstr. Dec. 19, 2012); *Aguayo v. Sec'y of Health & Human Servs.*, No. 12-563V, 2013 WL 441013 (Fed. Cl. Spec. Mstr. Jan. 15, 2013); *Sabin v. Sec'y of Health & Human Services*, No. 13-624V, 2014 WL 2979385 (Fed. Cl. Spec. Mstr. Feb. 7, 2014). Rather, only the seasonal influenza vaccine is a covered vaccine under the Vaccine Act. 42 C.F.R. § 100.3(a)(XIV); *see also* 76 Fed. Reg. 36367 (June 22, 2011).[3]

The evidence filed in this case demonstrates that Petitioner received an inactivated H1N1 vaccine on February 2, 2010. Ex. 1. The VAERS Report he filed also identifies "H1N1 Flu vaccine" as the vaccine he received before the onset of his GBS. Pet. Ex. 6 at 1. In addition, multiple contemporaneous records identify H1N1 as the vaccine Petitioner received. *See, e.g.*, Ex. 2 at 168 (February 18, 2010 hospital discharge summary) and 463 (February 12, 2010 presentation to the Emergency Department). As such, Petitioner is unable to establish that he received a covered vaccine.

---

[3] At the time of Petitioner's 2010 vaccination, the Vaccine Injury Table included coverage only for trivalent influenza vaccines; all other seasonal flu vaccines were included on the Table as of November 12, 2013. *See* 42.C.F.R. § 100.3(e)(6). The H1N1 virus was not included as a component of the 2009-2010 formulation of the trivalent influenza vaccine. *See Karol v. Sec'y of Health & Human Servs.*, No. 12-433V, 2012 WL 3744655 (Fed. Cl. Spec. Mstr. July 27, 2012).

      Petitioner's argument in his response asks me to use my discretion and deny the motion to dismiss because of the lack of sufficient notice in the Vaccine Injury Table that the H1N1 vaccine is not covered. Pet. Res. at 1-2. Unfortunately, because the implicated vaccine, a monovalent H1N1 vaccine, is not covered under the Vaccine Act, I have no discretion to allow this claim to proceed.  Thus, this claim must be dismissed.

### III.     Conclusion

      Petitioner has failed to demonstrate that he was injured by a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  The clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

                                      <u>s/Brian H. Corcoran</u>
                                      Brian H. Corcoran
                                      Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."