# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1861V**
UNPUBLISHED

| | |
|---|---|
| CHARLES BAKEMAN,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 13, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's fees denied, Reasonable<br>Basis; H1N1 Vaccine; Guillain-Barre'<br>Syndrome (GBS) |

*Stephen I. Leshner, Phoenix, AZ,* for Petitioner.

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

On December 4, 2018, Charles Bakeman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he "received a Novartiz [sic] influenza vaccine on February 2, 2010," and thereafter suffered Guillain-Barré syndrome ("GBS"). Petition at 1. On February 19, 2020, I dismissed Petitioner's claim because the vaccine involved in this case was discovered to be the H1N1 vaccine, a vaccine that is not listed on the Vaccine Injury Table. *Bakeman v. Sec'y of Health & Human Servs.,* No. 18-1861V, 2020 WL 1486836, at *2 (Fed. Cl. Feb. 19, 2020).

Under the Vaccine Act, when a petitioner fails to establish that they are entitled to compensation, special masters have discretion in deciding whether to award a petitioner

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

reasonable attorney's fees and costs.  Even when compensation is not awarded, the special master or court *may* still award reasonable attorney's fees and other costs incurred in any proceeding on such petition, if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1) (emphasis added).

On April 2, 2020, Petitioner filed a motion seeking a total award of $10,203.02, for his fees and costs pursuant to Section 15(e).[3]  Petitioner's application for fees did not include a brief in support of his application, however, or any type of argument that the court has jurisdiction to award attorney's fees in a case where the petition did not concern a vaccine listed on the Vaccine Injury Table.  But a petitioner must establish subject matter jurisdiction before fees and costs may be awarded. *See Brice v. Sec'y of Health & Human Servs.*, 240 F.3d 1367, 1370 (Fed. Cir. 2001), overruled in part by *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (*en banc*).

Although the petition in this case was not dismissed on jurisdictional grounds, other special masters have dismissed cases that involved a vaccine that was not covered under the Vaccine Act, and in so doing noted that, in effect, there was a lack of subject matter jurisdiction over the claim. *See Nutt v. Sec'y of Health & Human Servs.*, No. 10-862V, 2011 WL 976675 (Fed. Cl. Spec. Mstr. Feb. 23, 2011) (dismissing petition involving the Pneumovax vaccine for lack of subject matter jurisdiction); *Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683V, 2005 WL 2008245 (Fed. Cl. Spec. Mstr. July 26, 2005) (same).

The question of subject matter jurisdiction need not be answered in this case, however, in order to determine whether *this* Petitioner is entitled to an award of fees and costs, because he has not established a reasonable basis for bringing the petition in the first place.  Although the "reasonable basis" standard is typically construed in a liberal manner, special masters have required, at a minimum, that the vaccine alleged causal of an injury be listed on the Vaccine Injury Table.  *See Schmidt v. Sec'y of Health & Human Servs.*, No. 11-401V, 2012 WL 1392632, *1 (Fed. Cl. Spec. Mstr. Mar. 2012); *Dover v. Sec'y of Health & Human Servs.*, No. 99-2299V, 1992 WL 42924 (Cl. Ct. Spec. Mstr. Feb. 14, 1992); *Shonka v. Sec'y of Health & Human Servs.*, No. 16-1398V, 2017 WL 7362355 (Fed. Cl. Spec. Mstr. July 31, 2017); *Amin v. Sec'y of Health & Human Servs.*, No. 13-300V, 2013 WL 5994685 (Fed. Cl. Spec. Mstr. Oct. 16, 2013); *but see Scanlon v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 629 (2014).

There are numerous decisions and court orders directly stating that the H1N1 monovalent flu vaccine is not covered by the Vaccine Act. *See, e.g., Karol v. Sec'y of*

---

[3] I note that Petitioner filed a "Motion to Withdraw" the fee petition after Respondent filed his response. (ECF No. 29). Because the motion is still pending, I address its merits.

*Health & Human Servs.*, No. 12-433V, 2012 WL 3744655 (Fed. Cl. Spec. Mstr. July 27, 2012); *Fitzgerald v. Sec'y of Health & Human Servs.*, No. 12-493V, 2012 WL 6861329 (Fed. Cl. Spec. Mstr. Dec. 19, 2012); *Aguayo v. Sec'y of Health & Human Servs.*, No. 12-563V, 2013 WL 441013 (Fed. Cl. Spec. Mstr. Jan. 15, 2013); *Morris Sabin v. Sec'y of Health & Human Servs.*, No. 13-624V, 2014 WL 2979385 (Fed. Cl. Spec. Mstr. Feb. 7, 2014); *Ramirez v. Sec'y of Health & Human Servs.*, No. 14-866V, 2015 WL 1057909 (Fed. Cl. Spec. Mstr. Feb. 13, 2015); *McKercher v. Sec'y of Health & Human Servs.*, No. 14-1124V, 2015 WL 8015473 (Fed. Cl. Spec. Mstr. Nov. 5, 2015).

Thus, the untenable nature of the claim filed herein could easily have been assessed before the case was initiated – but it was not. Basic inquiries are required prior to the filing of any pleading or brief in connection with a Vaccine Act claim. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) ("[i]ndeed, the chief characteristic of the court's not finding a reasonable basis for a claim is where fundamental inquiries are not made"). In this case, a minimal investigation would have revealed the absence of a primary element of any petitioner's claim: that, under Section 11(c)(1) of the Vaccine Act, the injured person "received a vaccine set forth in the Vaccine Injury Table …"

In light of the above, it was not objectively reasonable for Petitioner to pursue a claim based on this particular vaccine.  Given the complete lack of support for this claim, there is no possible basis for finding reasonable basis.

Accordingly, Petitioner's request for attorney's fees and costs is **<u>DENIED</u>**. The Clerk's Office is instructed to enter judgment in accordance with this decision unless a motion for review is filed.  **The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."